**NOT FOR PUBLICATION**

OCT 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON HALL, | No. 12-56379 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-06357-CJC |
| v. | |
| LINDA SANDERS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Federal prisoner Aaron Hall appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas petition. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a district court's denial of a 28 U.S.C.

§ 2241 habeas corpus petition, *see Mora-Meraz v. Thomas*, 601 F.3d 933, 939 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2010), and we affirm.

Hall argues that his right to due process was violated by a Disciplinary Hearing Officer's ("DHO") determination that he committed the prohibited act of "possession, manufacture, or introduction of a hazardous tool." The record reflects that the proper constitutional safeguards were met and that "some evidence" supports the DHO's findings. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements in prison disciplinary proceedings that implicate a liberty interest). Hall specifically contends that prison officials failed timely to advise him of his right to remain silent during the prison investigation and sought to coerce a confession. Even assuming some error in the DHO's use of Hall's admission, the DHO's determination that he possessed the items was sufficiently supported by the evidence. Furthermore, contrary to Hall's contention, Officer Coleman's involvement in the investigation did not violate prison rules. *See* 28 C.F.R. §§ 541.14-.16 (2010).

Finally, Hall's contention that he sought the testimony of Officer Perkins at his disciplinary hearing is not supported by the record.

Hall's remaining contentions are without merit.

**AFFIRMED.**